**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Wilbert HOOD, Jr., Defendant— Appellant.**

**No. 05–50579.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Becky S. Walker, Esq., Jason P. Gonzalez, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wilbert Hood, Jr., Los Angeles, CA, pro se.

Sylvia Baiz, Esq., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Wilbert Hood, Jr. appeals from the 120–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We reject the government's contention that the appeal waiver in the plea agreement requires dismissal of Hood's contention that the district court erred in determining his sentencing entrapment claim. The plea agreement is ambiguous with respect to Hood's appellate rights, and the government concedes that Hood retained the right to appeal his sentence. *See United States v. Franco–Lopez,* 312 F.3d 984, 989 (9th Cir.2002).

The district court's sentencing entrapment determination did not expose Hood to a statutory maximum punishment greater than that authorized by Hood's guilty plea, and thus did not violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Labrada–Bustamante,* 428 F.3d 1252, 1263 (9th Cir.2005) (concluding that *Ap-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*prendi* does not require facts which allow a decreased sentence to be proved to a jury beyond a reasonable doubt).

The district court found that Hood failed to demonstrate a lack of predisposition or capacity to sell the quantity of cocaine base at issue. *See United States v. Naranjo,* 52 F.3d 245, 250 (9th Cir.1995); *United States v. Staufer,* 38 F.3d 1103, 1106 (9th Cir.1994). These findings were not clearly erroneous. *See United States v. Ross,* 372 F.3d 1097, 1113–14 (9th Cir. 2004). Given these findings, the district court's consideration of whether outrageous government conduct occurred was immaterial to its determination that Hood failed to demonstrate sentencing entrapment.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.